# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ASHAUN MERCES-CLARK, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | NO. 13-02111 |
| PENNSYLVANIA, ET AL., | : | |
| Defendants. | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                November 19, 2013

This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. The defendants move to dismiss in part the plaintiff's first amended complaint. For the following reasons, I will grant this motion in part and deny it in part.

## I.   BACKGROUND[1]

Plaintiff Rashaun Merces-Clark is a black male who was hired by the Pennsylvania State Police in May 2011 and assigned to Troop M – Fogelsville as a patrol trooper after completing basic training. His supervisors at the time he completed his other training requirements were Corporal Nicole Palmer, Sergeant David Nosal, Defendant Lieutenant Edgardo Colon, and Defendant Captain William Teper. Defendant Lieutenant Gaspich replaced Lt. Colon as the plaintiff's supervisor after Colon retired.

---

[1] Information regarding the factual background is taken from the plaintiff's first amended complaint. Doc. No. 7.

From February 2012 until September 2012, two internal affairs division (IAD) investigations regarding actions taken by the plaintiff commenced.[2] Defendant Teper was the captain who sustained these IADs and sent the completed reports to the Department of Discipline Office; the plaintiff alleges he did so wrongfully. On September 21, 2012, the plaintiff submitted three EEO complaints to Lt. Gaspich: two against Capt. Teper for sustaining the IADs and one against Lt. Colon for retaliation after the plaintiff did not follow appropriate chain of communication procedures. The plaintiff alleges that Lt. Gaspich then yelled and cursed at him for initiating these complaints. The following day, the plaintiff submitted another EEO complaint against Lt. Gaspich, alleging a hostile work environment.[3]

On October 19, 2012, the plaintiff was issued two reprimands from the previous IADs and was terminated from his position in accord with a decision made by a three-member panel. The reasons for termination were "lacking knowledge or policing, criminal justice, not dependable, and not reliable." The plaintiff alleges that other white officers, who had engaged in similarly-culpable conduct, were not terminated or even disciplined.

---

[2] One investigation was commenced because the plaintiff was late in shutting down a roadway ramp as part of a security detail. The other investigation—brought against the plaintiff and three other troopers—was for mishandling evidence. A third investigation was also commenced as a result of a civilian complaint about an incident at the plaintiff's mother's place of employment; this investigation was discontinued because the plaintiff was terminated from his employment before it ended.

[3] He later withdrew this EEO complaint because he feared further retaliation from Lt. Gaspich. He alleges that he had been denied a training opportunity and given an unfounded letter of reprimand after he submitted his EEO complaint against Lt. Gaspich.

On November 20, 2012, the plaintiff dually filed a complaint with the Equal Employment Opportunity Commission (EEOC) and Pennsylvania Human Relations Commission (PHRC) alleging race discrimination and retaliation.[4] The plaintiff received his right-to-sue letter on April 4, 2013. He filed suit in this court on April 18, 2013.

The plaintiff alleges that the defendants retaliated against him—for filing his EEO complaints and for filing this federal lawsuit—by not allowing him to participate in a training opportunity, terminating his employment, and relaying damaging information about his suit and employment to future potential employers. His complaint includes the following counts: 1) Count I: Title VII Claim against the Pennsylvania State Police (PSP) and Commonwealth of Pennsylvania, and 2) Count II: Pennsylvania Human Relations Act Claim against all defendants.[5]

## II. MOTION TO DISMISS STANDARD

In lieu of answering the plaintiff's complaint, the defendants filed this motion to dismiss Count II in its entirety and Count I against the Commonwealth, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### a. Rule 12(b)(1) – Lack of Jurisdiction

An attack on the subject matter jurisdiction of a matter may be raised at any stage of litigation. See Fed. R. Civ. P. 12(b)(1), 12(h)(3). A motion attacking subject matter jurisdiction prior to the filing of an answer under Federal Rule Civil Procedure 12(b)(1) is

---

[4] The plaintiff was not covered by the Pennsylvania State Trooper Association (i.e. Union) for the first eighteen months of employment so could not grieve his complaints through that administrative process.

[5] The plaintiff had also initially included a Count III: § 1983 Claim for First Amendment Retaliation against Defendants Colon, Gaspich, and Teper; however, this claim was withdrawn by stipulation without prejudice on July 18, 2013. See Doc. No. 14.

considered a facial attack. Nelson v. Commonwealth Department of Public Welfare, 244 F.Supp.2d 382, 386 (E.D.Pa. Dec. 9, 2002)(citing Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n. 2 (3d Cir.1996)). In this situation, the trial court does not necessarily have to accept the complaint's allegations as true and no inferences are to be drawn in favor of the plaintiff. See Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005); CNA v. U.S., 535 F.3d 132, 140 (3d Cir. 2008). Instead, the plaintiff bears the burden of persuasion that jurisdiction exists under Rule 12(b)(1). Hedges, 404 F.3d at 750.

    b. **Rule 12(b)(6) – Failure to State a Claim**

When considering a Rule 12(b)(6) motion for failure to state a claim, on the other hand, the court must: 1) accept all factual allegations as true; 2) construe the complaint in favor of the plaintiff; and 3) determine whether any reasonable reading of the complaint would entitle the plaintiff to relief. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562 n. 8 (2007)). The factual allegations in the complaint must be more than speculative. Phillips, 515 F.3d at 234 (citing Twombly, 550 U.S. at 555). While the plaintiff need not provide detailed factual allegations, he must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A pleading that offers labels and conclusions, a formulaic recitation of the elements of a claim, or naked assertions will not suffice. Id. Rather, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Id. (quoting Twombly 550 U.S. at 570). A claim is facially plausible where the facts set forth in the complaint allow the court to draw the reasonable inference that the defendant is

4

liable for the misconduct alleged. Id. A Rule 12(b)(6) motion will be granted only when "it is certain that no relief could be granted under any set of facts which could be proved." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir.1988).

## III. DISCUSSION

### a. PHRA Claims Against the Commonwealth and State Police

It is well-established that the Eleventh Amendment immunizes states and state agencies from federal court suits by private parties. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997). This immunity can be overcome only when a state consents to being sued or Congress specifically abrogates this immunity pursuant to a valid exercise of power. See Alden v. Maine, 527 U.S. 706, 755 (1999); Bd. of Trs. of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001). Eleventh Amendment immunity applies equally to state law claims brought in federal court pursuant to supplemental jurisdiction. Pennhurst State School & Hospital et al. v. Halderman et al., 465 U.S. 89, 121 (1983). It is a jurisdictional bar which deprives courts of subject matter jurisdiction and can be raised at the earliest stages of litigation under Federal Rule of Civil Procedure 12(b)(1). Nelson, 244 F.Supp.2d at 386 (citations omitted).

The Pennsylvania Human Relations Act (PHRA) is a Pennsylvania state statute and, thereby, did not include a Congressional abrogation of Eleventh Amendment immunity. While the Pennsylvania legislature waived immunity for suit under the PHRA in its own courts, the Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity for PHRA claims brought in federal courts. See Mansfield State College v. Kovich, 407 A.2d 1387, 1388 (Pa. Commw. Ct. 1979). No waiver of immunity

5

from suit in its own courts "shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa.C.S. § 8521(b).

In addition, state agencies like the PSP retain their Eleventh Amendment immunity from PHRA claims brought in federal court. See, e.g., Mitchell v. Miller, 884 F.Supp.2d 334, 380-81 (W.D.Pa. 2012); Howard v. Pennsylvania Dept. of Public Welfare, No. 11-1938, 2011 WL 5341301, at *9 (E.D.Pa. Nov. 3, 2011) (citation omitted). Therefore, the Eleventh Amendment serves as a jurisdictional bar to PHRA claims brought against the Commonwealth and its state agencies in federal court. See Boone v. Pennsylvania Office of Vocational Rehabilitation, 373 F.Supp.2d 484, 496 (M.D.Pa. 2005); Dennison v. Pennsylvania Dept. of Corrections, 268 F.Supp.2d 387, 405 (M.D.Pa. 2003); Moore v. Pennsylvania Dept. of Military & Veterans Affairs, 216 F.Supp.2d 446, 454 (E.D.Pa. 2002).

Since this court has no jurisdiction over the plaintiff's PHRA claims against the Commonwealth of Pennsylvania and the PSP, I will grant the defendants' motion on Count II and dismiss this count as to the Commonwealth and PSP.

### b. PHRA Claims against Individual Defendants

The plaintiff also asserts PHRA claims against the individual defendants. The Eleventh Amendment does not bar those claims against defendants in their individual capacities. See Dennison, 268 F.Supp.2d 387, 405 (M.D.Pa. 2003). The PHRA allows individual supervisors to be held liable for aiding and abetting an employer's violation of the PHRA under 43 P.S. § 955(e). Dici v. Pennsylvania, 91 F.3d 542, 552-53 (3d

Cir.1996). Furthermore, a supervisory employee may also be found liable for direct acts of discrimination under § 955(e) if the supervisor shared the intent and purpose of his employer. See, e.g., Santai v. Fred Beans Ford, Inc., No. 10–2367, 2011 WL 3606836, *2-4 (E.D.Pa. Aug. 16, 2011), Bernhard v. Brown & Brown of Lehigh Valley, Inc., 720 F.Supp.2d 694, 705–06 (E.D.Pa. 2008); Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren, P.C., 20 F.Supp.2d 885, 887 (E.D.Pa. 1998); Glickstein v. Neshaminy School District, Civ. A. No. 96–6236, 1997 WL 660636, *11-13 (E.D.Pa. Oct. 22, 1997).

The defendants argue that these claims should not proceed for two reasons: 1) direct incidents of discrimination are not covered by § 955(e), and 2) § 955(e) violations by the individual defendants cannot proceed if the employer is not the defendant as well. The case law, as explained above, does not support these contentions.[6] See also Mitchell v. Miller, 884 F.Supp.2d 334, 381 (W.D.Pa. 2012)(recognizing that an Eleventh Amendment jurisdictional bar against the PSP in a PHRA suit does not also prevent PHRA claims against individual defendants from going forward).

---

[6] The defendants cite to Dici to support this argument. However, Dici held that direct acts by *non-supervisory* employees are not permitted under § 955(e). Since the plaintiff alleges direct discriminatory acts against supervisory employees, Dici is distinguishable in this regard. See Dici v. Pennsylvania, 91 F.3d 542, 552–53 (3d Cir.1996). See, e.g., Santai, 2011 WL 3606836 at *2-4; Bernhard, 720 F.Supp.2d at 705–06; Davis, 20 F.Supp.2d at 887; Glickstein, 1997 WL 660636 at *11-13.

The defendants also argue that PHRA claims against the individual defendants cannot proceed if the PHRA claims against the Commonwealth and PSP are barred because "[i]ndividual defendants cannot violate PHRA § 955(e) when there is no corresponding section 955(a) violation by an employer to aid and abet." Kaniuka v. Good Shepherd Home, No. 05-2917, 2006 WL 2380387, at *10 (E.D.Pa. Aug. 15, 2006). While this contention may be true, there has been no finding that the Commonwealth and PSP have not violated the PHRA, only that they are barred jurisdictionally from suit in federal court. At this stage of litigation, this is not enough to prevent the claims against the individual defendants from moving forward.

Given that the plaintiff has plausibly pled violations by the individual defendants under the PHRA, I will deny the defendants' motion to dismiss these claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### c. Title VII Claim against the Commonwealth of Pennsylvania

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). To be an "employer" under Title VII, the defendant need not be the plaintiff's actual or direct employer but instead may have such a degree of control over the plaintiff to be considered a de facto or indirect employer. See, e.g., Conroy v. City of Philadelphia, 421 F.Supp.2d 879, 888-89, (E.D.Pa. Mar. 15, 2006); Jeffries v. Deloitte Touche Tohmatsu Intern., 893 F.Supp. 455, 458-89 (E.D.Pa. Jul. 11, 1995); Tyrrell v. City of Scranton, 134 F.Supp.2d 373, 380 (M.D.Pa.2001). See also United States v. Bd. of Educ. for the Sch. Dist. of Phila., 911 F.2d 882, 891 (3d Cir. 1990).

The plaintiff asserts Title VII claims against both the PSP and the Commonwealth as his employers. The Commonwealth claims that this Title VII claim should not proceed against it because only the PSP was the plaintiff's employer.[7] The plaintiff offers several cases which have allowed Title VII claims to proceed against both the PSP and the

---

[7] To support this contention however, the Commonwealth cites to non-binding precedent from the Seventh Circuit case and a Western District of New York. The defendants offer no binding legal precedent or factual assertions that would indicate with certainty the Commonwealth does not meet the Title VII definition of being the plaintiff's employer.

8

Commonwealth as employers of Pennsylvania state troopers. See Dici v. Pennsylvania, 91 F.3d 542 (3d Cir. Pa. 1996)(a civil rights action brought by a state trooper against the PSP and Commonwealth of Pennsylvania); Kidd v. Pennsylvania, 37 Fed. Appx. 588 (3d Cir. Pa. 2002)(an action against the Commonwealth of Pennsylvania, various individuals of the Pennsylvania State Police, the Pennsylvania State Police Bureau of Liquor Enforcement, as employers); Zelinski v. Pa. State Police, 108 Fed. Appx. 700, 702 (3d Cir. Pa. 2004)(Title VII action against the PSP and Commonwealth as employers). On the other hand, the Commonwealth has not cited to any Title VII cases in which it was sued, along with a Commonwealth agency, and later dismissed as an improper defendant. Thereby, there is no legal basis to prevent the Commonwealth from remaining as a defendant under Title VII.

Given that the PSP is a state agency of the Commonwealth, it is plausible that both the PSP and the Commonwealth would both be considered employers. Thus, reading the complaint in the light most favorable to the plaintiff, at this stage of the proceedings I find the plaintiff has plausibly plead that the Commonwealth of Pennsylvania is his employer within the meaning of Title VII.

## IV. CONCLUSION

For the foregoing reasons, I will: 1) grant the defendants' motion related to the PHRA Claims against the Commonwealth and State Police and dismiss them for lack of jurisdiction, 2) deny the defendants' motion related to the PHRA Claims against the individual defendants for failure to state a claim upon which relief can be granted, and 3)

deny the defendants' motion related to the Title VII claim against the Commonwealth of Pennsylvania. Accordingly, the Commonwealth and the PSP are dismissed as defendants under Count II of the plaintiff's amended complaint.

An appropriate Order will follow.